NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3075

MICHAEL AKERS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  May 3, 2006

_____

Before MICHEL, Chief Judge, NEWMAN, and MAYER, Circuit Judges.

PER CURIAM.

Michael Akers appeals the final decision of the Merit Systems Protection Board, affirming his removal from the Department of the Treasury.  Akers v. Dep't of the Treasury, 100 M.S.P.R. 270 (2005).  We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial

evidence.  See 5 U.S.C. § 7703(c) (2000).  Akers admits that he failed to report income earned by painting houses on his federal income tax filings for 1999 and 2000. Because he distributed flyers and solicited customers, substantial evidence supports the board's conclusion that the unreported income derived from an outside business activity, not a hobby.  Therefore, in light of the board's credibility determinations, the length of Akers' service at the Internal Revenue Service ("IRS"), and department briefings concerning his obligations to report outside business activities and outside income, the board properly found that he willfully understated his individual income tax liability, in violation of section 1203(d)(9) of the IRS Restructuring and Reform Act of 1998 ("RRA"), Pub. L. No. 105-206, tit. I, § 1203, 112 Stat. 685, 720-21 (codified at 26 U.S.C. § 7804).  In view of his violation and the IRS Commissioner's finding that removal was appropriate, the department was required to remove him.  See James v. Tablerion, 363 F.3d 1352, 1359 (Fed. Cir. 2004); see also RRA § 1203(c)(3).  As such, the board properly affirmed Akers' removal.